UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER SWISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00434-JRS-MJD |
| ) | |
| J. POWELL Correctional Officer, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Christopher Swisher brings this action alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the defendants' deliberate indifference to his serious medical needs at Wabash Valley Correctional Facility (WVCF). The defendants have filed motions for summary judgment, arguing that the action should be dismissed because Mr. Swisher did not exhaust his administrative remedies. Mr. Swisher has not responded to the motions for summary judgment, and the time to do so has passed. For the reasons explained below, the motions for summary judgment are **granted**.

**I.
SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court

views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Mr. Swisher failed to respond to the defendants' summary judgment motions. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the summary judgment standard, but it does "reduc[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## BACKGROUND

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process that provides offenders with an opportunity to attempt to resolve grievances before filing suit in federal court. Dkt. 34-1 at ¶ 7. Offenders receive documentation on the Offender Grievance Process during orientation, and a copy of the Offender Grievance policy is available in the WVCF law library. *Id.*

The Offender Grievance Process consists of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id.* at ¶ 28. Exhaustion of administrative remedies requires offenders to properly complete each step of the Offender Grievance Process. *Id.* at 10–11. This means that

the offender must properly complete the appropriate grievance forms and timely submit them to the correct people at each stage of the process, as outlined in the Offender Grievance Procedure. *Id.* at ¶ 28.

Shelby Decker is employed as the Grievance Specialist at WVCF, where Mr. Swisher was incarcerated in August 2019 when the medical incident at issue arose. *Id.* at ¶ 1-3. Her job duties include processing all medical and non-medical offender grievances. *Id.* at ¶ 4. She is also the custodian of the grievance records at WVCF. *Id.* at ¶ 5. Ms. Decker has reviewed Mr. Swisher's relevant grievance records and is familiar with the IDOC Offender Grievance Process. *Id.* at ¶¶ 5–6, 32.

Based on Ms. Decker's review of Mr. Swisher's grievance records, Mr. Swisher did not attempt to informally resolve his complaint against the defendants regarding his medical treatment for a wound on August 20 and 21, 2019; nor did he file a formal grievance or appeal related to this medical incident. *Id.* at ¶¶ 33–34 and p. 24.

## III.
## DISCUSSION

The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d 1022, 1025 (7th Cir. 2002).; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants in this case bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

The defendants have presented uncontradicted evidence that Mr. Swisher failed to exhaust the administrative remedies available to him at the time he filed this complaint. Although Mr. Swisher was aware of the IDOC Inmate Grievance Process, he has not completed any steps of the grievance process to address the medical care for his wound. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be **dismissed without prejudice**. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motions for summary judgment, dkt. [32] and dkt. [37], are **granted**, and the action is **dismissed without prejudice**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   9/9/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER SWISHER
 J-407
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com